**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**THE SCOULAR COMPANY**                                                                **PLAINTIFF**

v.                                        **CASE NO. 2:09CV00060 BSM**

**WILLIAM ERNEST HEIDELBERGER and**
**HENRY HERMAN HEIDELBERGER**                                                **DEFENDANTS**

## ORDER

Defendants' motion to transfer [Doc. No. 6] and plaintiff's motion to remand [Doc. No. 9] are pending before the court. For the reasons set forth below, defendants' motion to transfer is denied and plaintiff's motion to remand is granted.

## I. BACKGROUND

This case involves the enforcement of a promissory note and was initially filed in the District Court for Douglas County, Nebraska. The promissory note contains a venue provision for the state and federal courts of Douglas County, Nebraska. On June 8, 2009, defendants mistakenly had the case removed to this court rather than the United States District Court for Nebraska.[1] Defendants have moved to have the case transferred to the United States District Court for Nebraska while plaintiff objects to that motion. Plaintiff argues that the proper remedy is an order remanding the case back to the Nebraska state court. Plaintiff also seeks to recover its actual fees and costs incurred in responding to the

---

[1] The defendants also removed *Scoular Co. v. DJCB Farm Partnership*, 2:09cv61 WRW. Similar motions are pending in that case.

defective removal.

## II.  DISCUSSION

Any civil action brought in state court may be removed by a defendant to the United States District Court having jurisdiction of the place where the action is pending. 28 U.S.C.A. § 1441(a). Once a defendant has filed a notice of removal, a plaintiff objecting to removal on the basis of "any defect other than lack of subject matter jurisdiction" may within 30 days, file a motion asking the district court to remand the case to state court. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, *69, 117 S. Ct. 467 (1996); 28 U.S.C.A. § 1447(c).

The parties agree that the removal was defective. They disagree as to what is the proper remedy. Defendants assert that the proper remedy is transferring the case to the United States District Court for Nebraska. Defendants rely on a line of cases holding that when a case has been removed to a district court other than the one embracing the state court in which the action was brought, in the interest of justice, the court may transfer the improperly removed case to any district or division in which it could have been brought. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994); *Anderson v. Black & Decker Corp.*, (No. A4-04-91)(D. N.D. Sept. 9, 2004). The citations provided by defendants involve cases that were removed to the wrong division of the proper district court. The present case, however, is distinguishable because it was removed to the wrong district court.

The federal courts in Arkansas federal have consistently held that a case removed to

the wrong division or district should be remanded to the state court. *Willingham v. Creswell-Keith*, 160 F. Supp. 741, *743 (W.D. Ark. 1958). The Eighth Circuit Court of Appeals appears to embrace this view. *See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, *623 (8th Cir. 1997) (if any defect in removal is timely raised the district court must remand the case). The court, therefore, grants the plaintiff's motion to remand and the case is hereby remanded to the District Court for Douglas County, Nebraska. The defendants' motion to transfer is denied as moot.

Plaintiff also argues that it is entitled to recover its actual fees and costs incurred in responding to the defective removal. Upon remand of any action to state court, a court may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, *325 (D. Minn. 2008); 28 U.S.C.A. § 1447(c). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Ahmed*, 249 F.R.D. at *325.

The court finds that the defendants had an objectively reasonable basis for seeking removal and that the plaintiff is not entitled to recover its actual fees and costs incurred in responding to the defective removal.

### III. CONCLUSION

Plaintiff's motion to remand [Doc. No. 9] is granted and the case is hereby remanded to the District Court for Douglas County, Nebraska. Defendants' motion to transfer [Doc.

No. 6] is denied as moot and plaintiff's request for attorney's fees and costs is denied.

IT IS SO ORDERED this 13th day of August, 2009.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE